UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| OPPORTUNITY KNOCKS, INC. d/b/a CARTOONMAPS.COM, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Cause No: 4:08-cv-00072-AS-APR<br>) |
| BRANDON MAXWELL, BRIDGETTE MAXWELL, and MAXWELL MAPS LLC, | )<br>)<br>) |
| Defendants. | ) |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | ) |
| BRIDGETTE MAXWELL, | )<br>) |
| Counterclaim/Third-Party Plaintiff, | )<br>) |
| vs. | )<br>) |
| OPPORTUNITY KNOCKS, INC. d/b/a CARTOONMAPS.COM and MARK PFLUG, | )<br>)<br>) |
| Counterclaim/Third-Party Defendant. | ) |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Opportunity Knocks, Inc. d/b/a cartoonmaps.com ("OKI") and Mark Pflug's ("Mr. Pflug") March 19, 2009 Motion to Dismiss (Doc. No. 48) Counts I, III, IV, and VII of the Amended Counterclaim filed by Bridgette Maxwell ("Ms. Maxwell"). On March 24, 2009, Ms. Maxwell voluntarily dismissed without prejudice Counts III (copyright infringement) and IV (copyright infringement) of her Amended Counterclaim, pursuant to Fed. R. Civ. Pro. 41(c) (Doc. No. 50). Therefore the Court considers for purposes of this motion, the dismissal of Count I (criminal forgery and deception) and Count VII (common law unfair competition) of the Amended Counterclaim (Doc. No. 43). The Court also considers Ms. Maxwell's Motion to Strike (Doc. No.

55) exhibits 1 and 2 attached to OKI and Mr. Pflug's reply brief (Doc. No. 52-2). The parties have fully briefed the issues, and for the reasons that follow, the Motion to Strike (Doc. No. 55) is **GRANTED**, and the Motion to Dismiss (Doc. No. 48) Counts I and VII of the Amended Counterclaim is **DENIED IN PART AND GRANTED IN PART**.

## I. Procedural History

On September 19, 2008, OKI filed suit against Defendants Brandon Maxwell, Bridgette Maxwell, and Maxwell Maps, LLC (collectively "Defendants") alleging copyright infringement, unfair competition under the Lanham Act (section 43(a) of 15 U.S.C. § 1125(a)), and state law claims of unfair competition, breach of contract, and violation of the Indiana Uniform Trade Secrets Act. On December 1, 2008, Ms. Maxwell filed an Answer and Counterclaim against OKI and Mr. Pflug alleging criminal forgery and deception, and requesting declaratory judgment in that no infringement occurred. On December 30, 2008, the Court granted OKI's uncontested motion for preliminary injunction and enjoined Defendants from distributing or selling the infringing maps and competing locally with OKI in the sale of the maps. (Doc. No. 31). On February 27, 2009, Ms. Maxwell amended her counterclaims, adding claims for copyright infringement, unfair competition under the Lanham Act, and unfair competition under the common law. Ms. Maxwell having since voluntarily dismissed her copyright infringement counterclaims, OKI and Mr. Pflug move to dismiss Ms. Maxwell's counterclaims of criminal forgery and deception (Count I) and common law unfair competition (Count VII), pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted. OKI and Mr. Pflug assert that Count I does not properly allege that Ms. Maxwell suffered any "pecuniary loss" as a result of the claimed forgery or deception, and that Count VII is preempted by the federal Copyright Act, 17 U.S.C. § 301(a).

## II. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- S.Ct. ---, 2009 WL 1361536 *12 (U.S. May 18, 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.; *See Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (reasoning that a complaint must allege facts to state a claim to relief that is plausible on its face) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977 (7th Cir. 1999). In ruling on a motion to dismiss the counterclaim, a court uses the same standards of review that apply to claims made in the main complaint. *See Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir. 2001). But the court admits only allegations of fact, and is not required to accept legal conclusions. *Fries v. Helsper,* 146 F.3d 452, 456 (7th Cir. 1998). After identifying the allegations that are entitled to the presumption of truth, the court next determines if those factual allegations plausibly suggest an entitlement to relief. *Ashcroft v. Iqbal*, --- S.Ct. ---, 2009 WL 1361536 *14 (U.S. May 18, 2009).

Furthermore, a complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief.[1] Fed. R. Civ. P. 8(a); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). Under the federal pleading rules, a plaintiff is not limited to or bound by the legal characterizations of his claims contained in the complaint. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Yet, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- S.Ct. ---, 2009 WL 1361536 *13 (U.S. May 18, 2009) (citing Fed. Rule Civ. Proc. 8(a)(2)).

### III. Factual Background

Plaintiff OKI designs and prints promotional cartoon maps throughout the United States. Defendant Brandon and Bridgette Maxwell are members of Defendant Maxwell Maps LLC, which designs, prints, and sells graphical city maps and promotional items related to graphical city maps. Defendants hired OKI and Mr. Pflug to assist in the creation of graphical city maps for Cheyenne, Wyoming and Crested Butte and Telluride, Colorado ("the maps"), and paid over $35,000 for assistance in creating the maps. Ms. Maxwell asserts that she was told by Mr. Pflug that she would own the rights to the artwork and her maps, and that Mr. Pflug had protected her maps by copyright.

---

[1] It is true that the heightened pleading standards of Fed. R. Civ. P. 9(b) govern Ms. Maxwell's claims under the deception statute. *See ABN Amro Mortg. Group, Inc. v. Maximum Mortg., Inc.*, 429 F.Supp.2d 1031, 1041 (N.D. Ind. 2006). While 9(b) allows scienter elements to be pled generally, Ms. Maxwell's claims require proof of intent to defraud and therefore "sound in fraud" or are "ground in fraud." *See McKinney v. State,* 693 N.E.2d 65 (Ind. 1998) (noting that Indiana Trial Rule 9(b) is the same as the federal rule). However, OKI and Mr. Pflug do not suggest that Ms. Maxwell's criminal forgery and deception claim fails to be pled with sufficient particularity, nor do they assert that the specificity requirements of Rule 9 apply. Instead, the Court considers, as raised by OKI and Mr. Pflug, whether Ms. Maxwell adequately pled "pecuniary loss."

Ms. Maxwell ultimately quit her job as the Advertising Representative and Director for the local Crested Butte newspaper in 2008 to pursue her 'graphic city map business' full time.

On August 6, 2008, OKI discovered that Defendants were allegedly distributing copies of two of OKI's copyrighted maps without authorization and in violation of a Design/Printing Agreement entered by the parties, which in part includes the provision: "All material, artwork, caricatures, and design shall be the property of Opportunity Knocks, Inc. and are protected by Federal copyright protections." Complaint, Exb. 4, ¶ 6; Am. Counterclaim, Exb. A, ¶ 6. As a result, OKI initiated this action.

Ms. Maxwell denies that OKI and Mr. Pflug have ownership over the maps, and alleges that Mr. Pflug "forged Maxwell's signature to the 'Design/Printing Agreement' as part of a scheme to demand money and other concessions from Maxwell with respect to certain of her maps that were sold through Maxwell Maps LLC." Am. Counterclaim, ¶ 45. Ms. Maxwell asserts that the signature on the Design/Printing Agreement is a forgery, and she never saw the Design/Printing Agreement or any version of it prior to the lawsuit. *Id*. at ¶¶ 42, 43. In contradiction to OKI and Mr. Pflug's claims of ownership, Ms. Maxwell contends that she owns the rights to her artwork and the maps, and that Mr. Pflug has been printing, distributing, "selling and offering for sale maps that contain identical material and/or substantially similar material to the copyrights for the [maps]" without Ms. Maxwell's permission. *Id*. at ¶¶ 46, 65, 73. Mr. Pflug has used "the OKI designation where the Maxwell Maps designation was previously displayed" on Ms. Maxwell's maps. *Id*. at ¶¶ 79, 80, 86, 87.

Ms. Maxwell claims that the alleged malicious forgery is a criminal act under I.C. 35-43-5-2 and I.C. 35-43-5-3, and that she is therefore entitled to damages under Indiana's Crime Victim's

5

Relief Act, I.C. § 34-24-3-1. Am. Counterclaim, ¶¶ 48-55. Concerning her losses, Ms. Maxwell specifically states that due to the maps' cloud of title caused by Mr. Pflug's criminal and tortious actions, she has been prevented from selling her property, causing her to suffer lost sales and other monies, and lost clients, business, and profits. *Id*. at ¶¶ 49-52. Mr. Pflug's claimed ownership of the maps (based on the forged Design/Printing Agreement), has compelled Ms. Maxwell to also incur attorneys' fees and costs. *Id*. at ¶¶ 53, 54.

In addition, Ms. Maxwell contends that Mr. Pflug's actions were intentionally deceptive and constitute unfair competition under the common law. *Id*. at ¶¶ 93, 94. Ms. Maxwell requests a determination that "she is the author of and owns all copyrights in the 2006 Crested Butte map, the 2007 Crested Butte Map, and the 2007 Telluride map." *Id*. at ¶ 61.

## IV. Discussion

**(A)** **Motion to Strike**

Ms. Maxwell moves the Court to strike OKI and Mr. Pflug's exhibits to their reply in support of dismissal ("exhibits"), because she claims that the exhibits are an attempt to circumvent the spirit of Rule 11 and waste judicial resources. (Doc. No. 55). In opposition, OKI and Mr. Pflug argue that the correspondence revealed in the exhibits show Ms. Maxwell's refusal to withdraw other claims that are "almost as equally baseless" as the copyright infringement claims which were voluntarily withdrawn. (Doc. No. 58, p. 2).

At the 12(b)(6) stage, the Court is typically confined to the complaint, which did not contain the exhibits. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (citing *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002)). But Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

*McCready*, 453 F.3d at 891. From this rule, the Seventh Circuit has concluded "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Id*. (citations omitted); *See*, *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 453 (7th Cir. 1998) (concluding that the broader interpretation of "written instrument" comports with the generous nature in which we view pleadings, and therefore "written instrument," as used in Rule 10(c), includes documents such as affidavits) (citing *Schnell v. City of Chicago*, 407 F.2d 1084, 1085 (7th Cir. 1969), *overruled on other grounds by, City of Kenosha v. Bruno*, 412 U.S. 507 (1973)). *But see*, *Rose v. Bartle*, 871 F.2d 331, 339-40, n. 3 (3d Cir. 1989) (concluding that affidavits are not written instruments).

A review of the counter-complaint reveals that, in relevant part, Ms. Maxwell is claiming ownership rights to certain maps and asserts that OKI and Mr. Pflug engaged in unfair competition and criminal forgery/deception in forging a license agreement. This license agreement, purporting to give ownership of the copyrighted maps to OKI, is also the basis of the claims against Ms. Maxwell. However, the exhibits only represent OKI and Mr. Pflug's attempt to force the withdrawal of Ms. Maxwell's counterclaims as baseless, suggesting that because Ms. Maxwell withdrew the copyright infringement claims, she should also withdraw the remaining claims because they cannot survive a motion to dismiss. These exhibits only reveal communication between counsel regarding whether the claims should be brought at all, and are not "part of the pleadings" because they were not "referred to" in the complaint or counter-complaint and are not "central to . . .[the] claim[s]." *Id*. Even OKI and Mr. Pflug admit that the "reply brief in support of its motion to dismiss is not a pleading." (Doc. No. 58, p. 2).

Aside from the fact that the exhibits are irrelevant to the pending motion, and only serve to

7

show the parties' contentiousness, the exhibits are not part of the pleadings and are not considered in this ruling. As such, Ms. Maxwell's Motion to Strike is GRANTED.

**(B)** **<u>Motion to Dismiss</u>**

    1)    Criminal Forgery/Deception

OKI and Mr. Pflug motion for the dismissal of Ms. Maxwell's Count I claims of criminal forgery under I.C. 35-43-5-2,[2] deception under I.C. 35-43-5-3,[3] and resulting damages and trebling thereof under the Crime Victim's Relief Act, I.C. 34-24-3-1 ("the Act"). They argue that Ms. Maxwell has not alleged that she suffered any "pecuniary loss" as required to recover under the Act.

Although Ms. Maxwell paid money to OKI for creating and providing the cartoon maps, Ms. Maxwell does not allege that these payments were based on the forgery. Instead, the "scheme" is to extort money from Ms. Maxwell through this lawsuit, by using the allegedly forged Agreement as the basis for OKI's complaint. *See Veach v. Sheeks*, 316 F.3d 690, 694 (7th Cir. 2003) (finding no pecuniary loss where the plaintiff did not allege any financial loss due to his bank account being frozen, and who proceeded pro se and was then represented by a public interest firm, and therefore

---

2    For a claim of forgery, I.C. 35-43-5-2(b) provides:
        A person who, with intent to defraud, makes, utters, or possesses a written instrument in such a manner that it purports to have been made:
        (1) by another person;
        (2) at another time;
        (3) with different provisions; or
        (4) by authority of one who did not give authority; commits forgery, a Class C felony.

3    For a claim of criminal deception, I.C. 35-43-5-3(a) provides in relevant part: "A person who. . . (6) with intent to defraud, misrepresents the identity of the person or another person or the identity or quality of property. . . commits deception, a Class A misdemeanor."

only lost expended time and effort, not money). The Court agrees with OKI and Mr. Pflug that the facts do not show that money was paid to them by Ms. Maxwell *on account of* the forgery, but $35,000 was paid for Mr. Pflug's assistance in creating the maps.

Yet, OKI and Mr. Pflug also argue that Ms. Maxwell has not alleged a pecuniary loss under the Act because she has failed to establish a causal relationship between her lost sales, clients, business, and profits and the alleged forgery/deception (i.e. that the loss <u>is a result</u> of OKI and Mr. Pflug's forgery/deception). And, assuming Ms. Maxwell incurred a "cloud on title" and significant costs in defending herself (from the presumed forgery), these damages are not pecuniary losses under the Act. *See* Memo. in Support, pp. 9-12.

In opposition, Ms. Maxwell states that she has alleged pecuniary loss based on the loss of something by which money or money value can be acquired, namely lost sales, clients, and general business profits. The clouded title in the maps based on the forgery has taken away Ms. Maxwell's ability to use those maps to sustain her business, and she has been forced to defend against the effect of the forged document.

The Crime Victim's Relief Act provides in part:

> If a person suffers a pecuniary loss as a result of a violation of I.C. 35-43…the person may bring a civil action against the person who caused the loss for the following:
> (1) An amount not to exceed three (3) times the actual damages of the person suffering the loss.
> (2) The costs of the action.
> (3) A reasonable attorney's fee . . . .

I.C. 34-24-3-1. Although the Act allows a person suffering a "pecuniary loss as a result of a violation of IC 35-43" to bring a civil action against the person causing the loss for treble damages, plus costs and attorney fees, the Act "is penal in nature and must be strictly construed." *Harco, Inc.*

9

*of Indianapolis v. Plainfield Interstate Family Dining Assocs.*, 758 N.E.2d 931, 945 (Ind.Ct.App. 2001). In order to be entitled to any civil recovery under the Act due to OKI or Mr. Pflug's alleged forgery and deception, Maxwell must show a "pecuniary loss" as a result of their actions. *Id.* at 944; *Bridgeforth v. Thornton*, 847 N.E.2d 1015, 1028 (Ind.Ct.App. 2006). "A pecuniary loss has been described as a 'loss of money, or of something by which money, or something of money value may be acquired.'" *Americar Leasing, Inc. v. Maple*, 406 N.E.2d 333, 335 (Ind.Ct.App. 1980); *See also, Veach v. Cheeks*, 316 F.3d 690, 694 (7th Cir. 2003).

Ms. Maxwell has specifically noted the circumstances of the fraud/deception (i.e. the who [Mr. Pflug and OKI], the what [forgery], when [April 2006], and the where and how [in a written license agreement]). Ms. Maxwell has not provided the detailed facts relating to the who, what, when, where, and how she was "prevented" from selling her property due to the forgery/deception, "suffered" lost sales and business, and "lost" clients, business, and profits. Yet, the specifics of the events in which Mr. Maxwell sustained losses are more appropriate for summary judgment or trial purposes. All Ms. Maxwell need do at this stage, is show that she is entitled to relief. Presuming the truth of the forgery and the resulting lost sales and business from this forgery/deceit, these factual allegations plausibly suggest an entitlement to relief. Ms. Maxwell also quit her former job in order to engage in the business of map-making, with the understanding that she would have ownership rights in her maps to make profits. It cannot be said at this time (aside from the preliminary injunction), that Ms. Maxwell did not suffer pecuniary losses as a result of the forged license agreement. As such, the Motion to Dismiss Count I of the Counterclaim is DENIED.

    2)     Unfair Competition and Preemption under the Copyright Act

The Copyright Act preempts state law claims that fall within the subject matter of the

copyright and where the right protected by state law is equivalent to any exclusive right under the Copyright Act. 17 U.S.C. § 301(a). State law rights of action are preempted under Section 301 upon a showing that: (1) the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102 or § 103; and (2) the right must be equivalent to any of the rights specified in § 106.[4] *See Baltimore Orioles, Inc., v. Major League Baseball Players Assoc.*, 805 F.2d 663, 674 (7th Cir. 1986), *cert. denied,* 480 U.S. 941 (citations omitted).

The Supreme Court has indicated that while federal patent laws prohibit a state from prohibiting the copying and selling of unpatented or uncopyrighted articles, a state still retains the power, by statutory or decisional law, to protect the consumer from confusion resulting from the copier's palming off its product as the original. *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 232 (1964), *r'hrng. denied*; *Compco Corp. v. Day-Bright Lighting, Inc.*, 376 U.S. 234, 238 (1964), *r'hrng. denied*; *Spangler Candy Company v. Crystal Pure Candy Comp.*, 353 F.2d 641, 645-48 (7th Cir. 1966).

Ms. Maxwell argues that her claim of unfair competition cannot be preempted because the claim requires proof of elements in addition to and different from copyright infringement. Both parties rely on *Patriot Homes, Inc. v. Forest River Housing, Inc.*, 489 F.Supp.2d 865 (N.D. Ind. June 6, 2007), wherein this Court reasoned that one element of the tort of unfair competition in 'passing

---

[4] In determining if the right is equivalent to any of the rights specified in § 106, the Court determines if the elements of the state law claim differ from those necessary to prove a copyright infringement claim, and if those additional elements differ in kind from those necessary for copyright infringement thereby changing the nature of the action so that it is qualitatively different from a copyright infringement claim. *See Higher Gear Group, Inc. v. Rockenback Chevrolet Sales, Inc*., 223 F.Supp.2d 953, 957 (N.D.Ill. 2002).

11

off' work of one as the work of another is that deception be a natural and probable consequence of the tortfeasor's acts, and therefore, since the tort requires the additional element of deception, the tort of passing off would not be preempted by the Copyright Act. OKI and Mr. Pflug contend that Ms. Maxwell only makes a claim for "reverse passing off" and therefore the claim is preempted; but, Ms. Maxwell counters that she is making a claim for "passing off" which is not preempted. *See id.*

Applying a liberal reading of the complaint, the Court does not find that Ms. Maxwell's claims for unfair competition allege both reverse passing off and passing off. Ms. Maxwell represents to this Court that she alleges as follows: OKI and Mr. Pflug are pretending to be Ms. Maxwell (and/or Maxwell Maps); OKI and Mr. Pflug are representing to customers that they are the same business they once were (when they worked with Ms. Maxwell); and, OKI and Mr. Pflug continue to contact former customers and hold themselves out to be the original map makers of the maps for renewal purposes. Yet, none of these allegations are found in Ms. Maxwell's counterclaims.[5] Instead, Ms. Maxwell contends that Mr. Pflug and OKI are printing, distributing, using, and selling maps that contain substantially similar or identical material as her maps, and they have placed the OKI designation where the Maxwell Maps designation was once displayed. As such, Ms. Maxwell's counterclaim (Doc. No. 43) only makes a claim for reverse passing off, and is thus, preempted. *See Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F.Supp.2d 953, 959 (N.D. Ill. 2002) (finding that "reverse passing off" is where a wrongdoer sells another's product as his own, whereas "passing off" is selling your product under the name or mark of another; and, concluding that the plaintiff's claim for reverse passing off was preempted). *See also*, *Video*

---

[5]  The Court notes that as of the date of this order, the deadline to make amendments to the pleadings has yet to pass. *See*, Doc. No. 60.

*Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 210 F.Supp.2d 552 (D.N.J. 2002) (determining that the claim for "passing off" involves the extra element of misrepresentation or deception which is not an element for copyright infringement, and as such, the "passing off" claim was not preempted by the Copyright Act).

Therefore, this Court finds that Ms. Maxwell's claim of unfair competition alleging "reverse passing off" of copyrightable works is preempted by the Copyright Act. OKI and Mr. Pflug's Motion to Dismiss is GRANTED with respect to Count VII of the Counterclaim.

## V. Conclusion

Under *Twombly*'s construction of Rule 8, the Court concludes that Ms. Maxwell has "nudged [her] claims" of criminal forgery and criminal deception "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, --- S.Ct. ---, 2009 WL 1361536 *14 (U.S. May 18, 2009). Ms. Maxwell's common law unfair competition claim for reverse passing off is preempted and is dismissed.

The Court **GRANTS** the Motion to Strike (Doc. No. 55), and with respect to OKI and Mark Pflug's Motion to Dismiss portions of Bridgette Maxwell's Amended Counterclaim (Doc. No. 48), the Court **DENIES the motion as to Count I** (criminal forgery/deception) **and GRANTS the motion as to Count VII** (common law unfair competition). Each party to bear its own costs.

**SO ORDERED.**

**DATED: May 22, 2009**

                                            /s/ ALLEN SHARP
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**